UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **GUANGZHOU CONSORTIUM PRODUCT COMPANY,** *et al.* | : Case No. 2:11-CV-00005-DLB :  : JUDGE DAVID L. BUNNING |
| Plaintiffs, | : : |
| vs. | : MAGISTRAGE JUDGE J. : GREGORY WEHRMAN : |
| **PNC BANK, NATIONAL ASSOCIATION,** *et al.* | : : : |
| Defendants. | : : |

---

### ANSWER OF CONSORTIUM COMPANIES, INCORPORATED TO PNC BANK, NATIONAL ASSOCIATION'S COUNTERCLAIM

---

For its Answer to the Counterclaim filed by PNC Bank, National Association ("PNC"), Defendant Consortium Companies, Incorporated ("Consortium")[1], by and through counsel, states, avers, and defends as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      In response to paragraph 1 of PNC's Counterclaim, Consortium admits that it submitted an Application for Irrevocable Standby Letter of Credit to National City Bank and that it executed and submitted a Reimbursement and Security Agreement ("RSA"). Consortium denies each and every remaining statement or

---

[1] PNC's counterclaim does not name specifically Plaintiff Guangzhou Consortium Display Product, Ltd. ("Consortium China"). However, to the extent that PNC's Counterclaim is also directed against Consortium China, Consortium China incorporates by reference Consortium's responses to PNC's Counterclaim as Consortium China's Answer to PNC's Counterclaim.

allegation contained in paragraph 1 of PNC's Counterclaim because, among other things, the documents speak for themselves and their legal import is in dispute.

2. Consortium denies each and every allegation contained in paragraph 2 of PNC's Counterclaim because, among other things, the RSA speaks for itself and its legal import is in dispute.

3. In response to paragraph 3 of PNC's Counterclaim, Consortium admits that PNC's predecessor National City Bank issued a Letter of Credit, but denies each and every remaining allegation contained in paragraph 3 of PNC's Counterclaim.

4. In response to paragraph 4 of PNC's Counterclaim, Consortium admits that a guarantee agreement is attached as Exhibit 3 to the Counterclaim but denies each and every remaining allegation contained in paragraph 4 of PNC's Counterclaim.

5. In response to paragraph 5 of PNC's Counterclaim, Consortium admits that a guaranty agreement is attached as Exhibit 4 to the Counterclaim but denies each and every remaining allegation contained in paragraph 5 of PNC's Counterclaim.

6. In response to paragraph 6 of PNC's Counterclaim, Consortium admits that a guaranty agreement is attached as Exhibit 5 to the Counterclaim but denies each and every remaining allegation contained in paragraph 6 of PNC's Counterclaim.

7. With respect to the allegations in paragraph 7 of PNC's Counterclaim, Consortium states that those allegations constitute legal conclusions to which no response is required. To the extent the allegations in paragraph 7 state or are construed to state otherwise, Consortium denies each and every such allegation.

8. Consortium denies each and every allegation contained in paragraph 8 of PNC's Counterclaim.

9. In response to paragraph 9 of PNC's Counterclaim, Consortium admits that SCB drew on the Letter of Credit and states that the draw request attached as Exhibit 6 to the Counterclaim speaks for itself. Consortium denies each and every remaining allegation contained in Paragraph 9 of PNC's Counterclaim.

10. In response to paragraph 10 of PNC's Counterclaim, Consortium admits that PNC sent it a letter and states that the letter attached as Exhibit 7 to the Counterclaim speaks for itself. Consortium denies each and every remaining allegation contained in Paragraph 10 of PNC's Counterclaim.

11. Consortium denies each and every allegation contained in paragraph 11 of PNC's Counterclaim.

12. In response to paragraph 12 of PNC's Counterclaim, Consortium admits that it obtained a loan from PNC in the principal amount of $1,000,000 but denies each and every remaining allegation contained in paragraph 12 of PNC's Counterclaim.

13. In response to paragraph 13 of PNC's Counterclaim, Consortium admits that Roger Schreiber executed the Term Note attached to the Counterclaim as Exhibit 8 and that Roger Schreiber was authorized to act on behalf of Consortium, but Consortium denies each and every remaining allegation contained in paragraph 13 of PNC's Counterclaim.

14. Consortium denies each and every allegation contained in paragraph 14 of PNC's Counterclaim.

15. With respect to the allegations in paragraph 15 of PNC's Counterclaim, Consortium states that those allegations constitute legal conclusions to which no response is required and further states that the documents speak for themselves. To the extent the allegations in paragraph 15 state or are construed to state otherwise, Consortium denies each and every such allegation.

16. In response to paragraph 16 of PNC's Counterclaim, Consortium states that the letter attached as Exhibit 7 to the Counterclaim speaks for itself, and denies each and every remaining allegation contained in paragraph 16 of PNC's Counterclaim.

17. Consortium denies each and every allegation contained in paragraph 17 of PNC's Counterclaim.

18. Consortium denies each and every allegation contained in paragraph 18 of PNC's Counterclaim.

19. Consortium denies each and every allegation or statement contained in PNC's Counterclaim to the extent such allegation or statement is not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by the doctrines of unclean hands, waiver, laches, estoppel, and *in pari delicto*.

### FOURTH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by the doctrine of novation and/or subsequent agreements between and among the parties.

### SIXTH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by the fraud, negligence, misconduct, and/or other course of dealing of PNC and/or its predecessor in interest.

### SEVENTH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by the defenses of set-off and breach of contract.

### EIGHTH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred because any alleged damages sustained by PNC were the proximate result of the acts of third parties over whom Consortium had no control.

### NINETH AFFIRMATIVE DEFENSE

All or part of PNC's Counterclaim is barred by extrinsic evidence and other transactions between or among PNC, Consortium, and other parties.

**TENTH AFFIRMATIVE DEFENSE**

All or part of PNC's Counterclaim is barred by the doctrine of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

All or part of PNC's Counterclaim is barred by the doctrines of payment and release.

**TWELFTH AFFIRMATIVE DEFENSE**

All or part of PNC's Counterclaim is barred by PNC's own acquiescence in the alleged conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

All or part of PNC's Counterclaim is barred by the illegality or unenforceability of certain agreements referenced by PNC in its Counterclaim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Consortium reserves the right to add or modify its affirmative defenses and matters of avoidance.

WHEREFORE, Plaintiff Consortium Companies, Incorporated respectfully demands the following relief:

- A. An Order dismissing, with prejudice and in its entirety, the Counterclaim of Defendant PNC Bank, National Association;

- B. An Order assessing the costs of this action against PNC Bank, National Association; and

- C. An Order awarding Plaintiff Consortium Companies, Incorporated, any and all other relief to which it is entitled, at law or in equity including, but not limited to, an order requiring PNC Bank, National

Association to reimburse Consortium Companies, Incorporated all of the attorneys' fees and costs incurred by Consortium in this action.

        Respectfully submitted,
**FLAGEL & PAPAKIRK LLC**

/s/ Todd J. Flagel
Todd J. Flagel (KBA 91116)
James Papakirk
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
tflagel@fp-legal.com
jpapakirk@fp-legal.com

*Co-counsel for Guangzhou Consortium Display Product Company, Ltd., and Consortium Companies, Incorporated*


**GREGORY W. McDOWELL, P.S.C.**

/s/ Gregory W. McDowell
Gregory W. McDowell (KBA 83227)
7415 Burlington Pike, Suite B
Florence, Kentucky 41042
(859) 371-7774
gmcdowell@assuredtitle.com

*Co-Counsel for Guangzhou Consortium Display Product Company, Ltd., and Consortium Companies, Incorporated*

*Attorney for Steven M. Oberst, Lynda S. Oberst, Clinton S. Oberst, and Susan J. Oberst*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Answer of Consortium Companies, Incorporated to PNC Bank, National Association's Counterclaim was electronically filed with the Clerk using the CM/ECF system this 29th day of November, 2011, which will serve the following:

Cornelius E. Coryell, II     ccoryell@wyattfirm.com
Kevin Ray Feazell            krf@corsbassett.com
Gregory W. McDowell          gmcdowell@assuredtitle.com

                                    /s/ Todd J. Flagel
                                    Todd J. Flagel (KBA 91116)