UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CASE NO.:  2-11-CV-00005-DLB

GUANGZHOU CONSORTIUM DISPLAY                                  PLAINTIFFS
PRODUCT COMPANY, Ltd., ET AL.

vs.

PNC BANK, National Association, ET AL.                        DEFENDANTS

### ANSWER TO DEFENDANT PNC BANK, N.A.'S COUNTERCLAIM

Come now Plaintiffs, Steven M. Oberst, Lynda S. Oberst, Clinton S. Oberst and Susan J. Oberst, by counsel, and for their Answer to the Counterclaim filed by the Defendant, PNC Bank, N.A. (hereinafter "Defendant PNC"), state as follows:

### FIRST DEFENSE

1.  Defendant PNC's *Counterclaim* fails to state a claim upon which relief can be granted against these answering Plaintiffs.

### SECOND DEFENSE

2.  These answering Plaintiffs admit each and every allegation contained in Paragraphs 12 and 13 of Defendant PNC's *Counterclaim*.

3.  These answering Plaintiffs deny each and every allegation contained in Paragraphs 2, 8, 11, 14, 15, 17 and 18 of Defendant PNC's *Counterclaim*.

4.  These answering Plaintiffs admit that Plaintiff, Consortium Companies, Incorporated (hereinafter "Consortium") submitted an Application and an RSA and that the terms of said documents speak for themselves but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 1 of Defendant PNC's *Counterclaim*.

5. These answering Plaintiffs admit that the "Credit", as that term is defined in Defendant PNC's *Counterclaim*, was issued by said Defendant's predecessor but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 3 of Defendants PNC's *Counterclaim*.

6. These answering Plaintiffs admit that co-Plaintiff, Roger Schreiber, executed the document attached as Exhibit 3 to said *Counterclaim* but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 4 of Defendants PNC's *Counterclaim*.

7. These answering Plaintiffs admit that co-Plaintiffs, Clint Oberst and Susan Oberst, executed the document attached as Exhibit 4 to said *Counterclaim* but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 5 of Defendants PNC's *Counterclaim*.

8. These answering Plaintiffs admit that co-Plaintiffs, Steve Oberst and Lynda Oberst, executed the document attached as Exhibit 5 to said *Counterclaim* but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 6 of Defendants PNC's *Counterclaim*.

9. These answering Plaintiffs admit that Standard Charter Bank (hereinafter "SCB") made a request on the Credit in the amount of $1,762,220.00 but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 9 of Defendants PNC's *Counterclaim*.

10. These answering Plaintiffs admit that PNC corresponded with Defendant Consortium and demanded a payment but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 10 of Defendants PNC's *Counterclaim*.

11.  These answering Plaintiffs admit that co-Plaintiffs, Steve Oberst and Lynda Oberst, executed the document attached as Exhibit 5 to said *Counterclaim*, but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 6 of Defendants PNC's *Counterclaim*.

12.  These answering Plaintiffs admit that Exhibit 7 speaks for itself but these answering Plaintiffs deny each and every remaining allegation contained in Paragraph 16 of Defendants PNC's *Counterclaim*.

13.  These answering Plaintiffs have insufficient information to form an opinion as to the truth of the allegations contained in Paragraph 7 of Defendants PNC's *Counterclaim* and therefore same are denied.

14.  These answering Plaintiffs deny each and every remaining allegation of Defendant PNC's *Counterclaim* not expressly admitted herein.

## THIRD DEFENSE

15.  The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by said Defendant's failure to act reasonable to mitigate its damages.

## FOURTH DEFENSE

16.  The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by the doctrines of accord and satisfaction, estoppel, fraud, duress, illegality, laches, lack of privity, payment and release, statute of frauds and/or waiver.

## FIFTH DEFENSE

17.  The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by a failure of consideration.

## SIXTH DEFENSE

18. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by a lack of privity of contract and that the parties herein are not the real parties in interest.

## SEVENTH DEFENSE

19. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, due to said Defendant's breach of an agreement that existed between the parties.

## EIGHTH DEFENSE

20. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by said Defendant's negligence, all of which was the proximate cause of the damages said Defendant alleges to have sustained and operates as a bar, either in whole or in bar, to any recovery against these answering Plaintiffs.

## NINTH DEFENSE

21. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, as the alleged Guarantees are unenforceable under Kentucky law.

## TENTH DEFENSE

22. The claims set forth in Defendant PNC's *Counterclaim* are subject to the defense of set-off and/or credit.

## ELEVENTH DEFENSE

23. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by the doctrine of unclean hands.

## TWELTH DEFENSE

24. The claims set forth in Defendant PNC's *Counterclaim* are barred, in whole or in part, by the claims alleged by Plaintiffs herein.

## THIRTEENTH DEFENSE

25. Defendant PNC's *Counterclaim* is not entitled to an award of attorney fees as a matter of law and the facts of this case.

## FOURTEENTH DEFENSE

26. These answering Plaintiffs reserve the right to plead additional affirmative defenses as identified in Rule 8(c) of the Federal Rules of Civil Procedure and/or under Kentucky law which become available during discovery or due to change in law.

## FIFTEENTH DEFENSE

27. These answering Plaintiffs hereby incorporate herein by reference all other applicable defenses which could be asserted by any other party in this lawsuit and will rely on all defenses which become available during discovery or due to change in law.

WHEREFORE, Plaintiffs, Steven M. Oberst, Lynda S. Oberst, Clinton S. Oberst and Susan J. Oberst, demand that Defendant's counterclaim be dismissed in its entirety and with prejudice, that judgment be entered in Plaintiffs' favor and against Defendants as set forth in Plaintiffs' First Amended Complaint, and that these answering Plaintiffs be awarded all such other relief as provided by law and equity.

        Respectfully submitted,

        GREGORY W. McDOWELL, P.S.C.
        ATTORNEY FOR PLAINTIFFS,
        Steven M. Oberst, Lynda M. Oberst,
        Clinton S. Oberst and Susan J. Oberst
        7415 Burlington Pike, Suite B
        Florence, Kentucky 41042-1553
        (859) 371-7774

By:   /s/ Gregory W. McDowell
        GREGORY W. McDOWELL
        KBA #83227

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to the following:

    Hon. Byron E. Leet
    Hon. Cornelius E. Coryell, II
    C. Tyson Gorman
    WYATT, TARRANT & COMBS, LLP
    2500 PNC Plaza
    Louisville, Kentucky 40202

    Hon. Kevin Ray Feazell
    Cors & Bassett, LLC
    537 E. Pete Rose Way, Suite 400
    Cincinnati, Ohio 45202

    Hon. Todd Flagel
    Hon. James Papakirk
    Flagel & Papakirk LLC
    Summit Woods III
    50 E Business Way
    Cincinnati, Ohio  45241

        /s/  Gregory W. McDowell
        GREGORY W. McDOWELL