UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | |
|---|---|
| GUANGZHOU CONSORTIUM PRODUCT COMPANY, ET AL. | ) ) ) |
| PLAINTIFFS | ) ) ) CIVIL ACTION NO. 2:11-CV-00005-DLB |
| v. | ) ) JUDGE DAVID L. BUNNING |
| PNC BANK, NATIONAL ASSOCIATION, ET AL. | ) MAGISTRATE GREG WEHRMAN ) ) |
| DEFENDANTS | ) |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties, Plaintiffs Guangzhou Consortium Display Product Company, Ltd.; Consortium Companies, Incorporated; Steven M. Oberst; Lynda S. Oberst; Roger S. Schreiber; Clinton S. Oberst; and Susan J. Oberst (collectively "the Plaintiffs"); and PNC Bank, National Association, successor to National City Bank ("PNC") ( "PNC"), by counsel, hereby enter into the following Confidentiality Agreement and Protective Order reflecting the agreement of the parties to reasonably restrict dissemination of confidential documents and information produced by the parties during the course of discovery.

IT IS HEREBY AGREED AND ORDERED THAT:

1.  Documents produced or to be produced by any party during discovery that contain confidential or proprietary information shall hereafter be referred to as "Protected Documents." When used in this order, the word "documents" means all written material, videotapes, depositions, interrogatory answers, trial transcripts, and all other tangible items, whether in digital, electronic, or other form. Except as otherwise indicated below, documents designated by any party as "CONFIDENTIAL" that have

been or will be produced or delivered by the designating party or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and shall be given confidential treatment as described below.

2. Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation.

3. Any party may designate documents as "CONFIDENTIAL", but only after review of the documents by an attorney who has, in good faith, determined that the documents contain (i) information protected from disclosure by statute, (ii) sensitive personal or business information, (iii) trade secrets, or (iv) confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto as Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are publicly available may not be designated as confidential.[1]

4. The burden of proving the necessity of a "CONFIDENTIAL" designation is always on the party asserting confidentiality. If any party disagrees with the "CONFIDENTIAL" designation of any document, that party will so notify counsel of record for the designating party in writing. Upon receipt of such notice, the parties will attempt to extrajudicially resolve any disagreement regarding the designation. If the

---

[1] The attorney who reviews the documents and certifies them to be "confidential" must be admitted to the Bar of the United States District Court for the Eastern District of Kentucky, or to the Bar of at least one state. By signing the certification, counsel submits to the jurisdiction of this Court in regard to the certification.

parties are unable, within 10 days of the receipt of notice, to extrajudicially resolve a disagreement regarding designation, the designating party may apply to this court within ten days to set a hearing for the purpose of establishing that said document is entitled to protection under this agreement. All parties will maintain the confidentiality of said document pursuant to the terms of this agreement and order until: (i) the party who claims that the documents are confidential withdraws such designation in writing; (ii) the party who claims that the documents are confidential fails to timely move for an Order designating the documents as confidential as set forth above; or (iii) the court enters a ruling that the documents should no longer be designated as confidential information.

     5.    Except upon the prior written consent of the designating party or upon further order of this court, Protected Documents or information contained therein, and/or copies thereof, may be disseminated, or disclosed only to the following persons:

     a.    Counsel of record in this case, including other members of said counsel's respective law firms, and any other counsel associated to assist in the preparation or trial of this case provided such counsel first enter his appearance in this case;

     b.    Employees of any party's counsel, or of other counsel associated to assist in the preparation or trial of this case provided that said counsel first enter their appearance in this case;

     c.    Designated representatives of each of the parties which representatives shall maintain and protect the confidential nature of the documents and information consistent with the terms of this agreement;

        d.     Experts and consultants retained by a party for the preparation or trial of the case, provided that any expert or consultant must first agree to be bound by the terms of this order;

        e.     The court's staff, witnesses, and the jury in this case.

6.     All Protected Documents or information contained therein shall be used solely for purposes of this litigation and may not be used or disclosed for any other purpose whatsoever.

7.     The restrictions on the use of confidential information or Protected Documents established by this Order are not applicable to the use of a party's own confidential information or Protected Documents. A party is free to do whatever it desires with its own confidential information or Protected Documents.

8.     To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this order and shall be maintained under seal by the clerk or court reporter. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within fourteen days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Any use by the court of any such documents or information shall be held *in camera* unless the court orders otherwise upon good cause shown.

9.     This agreement and order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial through the receipt of Protected Documents into evidence or through the testimony of witnesses. The

4

closure of trial proceedings and sealing of the record of a trial involve considerations not presently before this court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial or any other appropriate time.

10. This agreement and order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11. Upon settlement or final judgment in this matter, all parties and individuals bound by this agreement and order shall return all Protected Documents produced and delivered by the designating party during discovery and any copies thereof to the designating party's counsel of record within thirty (30) days upon final settlement or judgment. This paragraph shall not apply to any Protected Documents or information contained therein disclosed or used during trial through the receipt of Protected Documents into evidence or through testimony of witnesses. At the appropriate time, the designating party may seek an order allowing that any such Protected Documents disclosed or used during trial be withdrawn from evidence, if applicable, and returned to counsel of record for the designating party.

12. The parties may at any time by specified agreement waive any portion of this agreement and order as to any particular Protected Document without affecting the continuing validity of this agreement and order as to any other Protected Documents.

13. This Agreement is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or other wise until such time as a document-specific ruling shall have been made.

14. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Agreement.

JUDGE, UNITED STATES DISTRICT COURT

SEEN AND AGREED TO BY:

/s/ Gregory W. McDowell
Gregory W. McDowell
Gregory W. McDowell, P.S.C.
7405 Burlington Pike, Suite 201
Florence, Kentucky 41042

*Co-counsel for Guangzhou Consortium Display Product Company, Ltd. and Consortium Companies, Incorporated*

*Attorney for Steven M. Oberst, Lynda S. Oberst, Clinton S. Oberst, and Susan J. Oberst*

/s/ Kevin R. Feazell
Kevin R. Feazell
CORS & BASSETT
537 East Pete Rose Way, Suite 400
Cincinnati, Ohio 45202-3502

*Attorney for Roger C. Schreiber*

/s/ Todd J. Flagel
Todd J. Flagel
James Papakirk
FLAGEL & PAPAKIRK LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241

*Co-Counsel for Guangzhou Consortium Display Product Company, Ltd. and Consortium Companies, Incorporated*

/s/ Cornelius E. Coryell, II
Byron E. Leet
Cornelius E. Coryell, II
C. Tyson Gorman
WYATT, TARRANT & COMBS, LLP
2500 PNC Plaza
Louisville, Kentucky 40202

*Attorney for PNC Bank, National Association*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Clerk using the CM/ECF system this 29th day of February, 2012, which will serve the following:

Gregory W. McDowell
Gregory W. McDowell, P.S.C.
7405 Burlington Pike, Suite 201
Florence, Kentucky 41042
ccoryell@wyattfirm.com

*Co-counsel for Guangzhou Consortium*
*Display Product Company, Ltd. and*
*Consortium Companies, Incorporated*

*Attorney for Steven M. Oberst, Lynda S.*
*Oberst, Clinton S. Oberst, and Susan J.*
*Oberst*

Kevin R. Feazell
CORS & BASSETT
537 East Pete Rose Way, Suite 400
Cincinnati, Ohio 45202-3502
krf@corsbassett.com

*Attorney for Roger C. Schreiber*

/s/ Cornelius E. Coryell, II
Byron E. Leet
Cornelius E. Coryell, II
C. Tyson Gorman
WYATT, TARRANT & COMBS, LLP
2500 PNC Plaza
Louisville, Kentucky 40202
ccoryell@wyattfirm.com

*Attorney for PNC Bank*

/s/ Todd J. Flagel
Todd J. Flagel (KBA 91116)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | | |
|---|---|---|
| GUANGZHOU CONSORTIUM PRODUCT COMPANY, ET AL. | ) ) ) | |
| PLAINTIFFS | ) ) | CIVIL ACTION NO. 2:11-CV-00005-DLB |
| v. | ) ) | JUDGE DAVID L. BUNNING |
| | ) | MAGISTRATE GREG WEHRMAN |
| PNC BANK, NATIONAL ASSOCIATION, ET AL. | ) ) ) | |
| DEFENDANTS | ) | |

ATTACHMENT A
CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS CONFIDENTIAL

Documents produced herewith (whose bates numbers are listed on the attached index) have been marked as CONFIDENTIAL subject to the Confidentiality Agreement and Protective Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of the Confidentiality Agreement and Protective Order.

Check and complete one of the two options below:

☐ I am a member of the Bar of the United States District Court for the Eastern District of Kentucky.

☐ I am not a member of the Bar of the United States District Court for the Eastern District of Kentucky but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____, where my Bar number is _____. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the Eastern District of Kentucky as to any matter relating to this certification.

Dated: _____                    _____
                                                                Signature of Counsel