UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

***Electronically Filed***

| | | |
|---|---|---|
| GUANGZHOU CONSORTIUM PRODUCT COMPANY, ET AL. | ) | |
| PLAINTIFFS | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-00005-DLB |
| PNC BANK, NATIONAL ASSOCIATION, ET AL. | ) | |
| DEFENDANTS | ) | |

**REPLY IN SUPPORT OF MOTION TO STRIKE THE ERRATA SHEET OF PLAINTIFF CONSORTIUM COMPANY, INC.**

On his errata sheet, CCI's designated corporate representative Roger Schreiber did much more than merely "clarify" his testimony as suggested by Plaintiff in its Response [Doc #: 87]. Instead, he made thirty-one material changes to that testimony. That is far different from the two changes at issue in *Hodak v. Madison Capital Management, LLC*, which were made in order "to be consistent with other testimony in the transcript." 2008 WL 3884315, *1. CCI's new errata sheet testimony, however, is not made for that reason; rather, it is plainly intended to neutralize the impact of the admissions made by Schreiber on behalf of CCI.

Tellingly, and unlike the deponent in *Hodak*, Plaintiff makes absolutely no attempt to address the particulars of Schreiber's testimony which it seeks to "clarify" with an errata sheet. For example, on pages 22-24, 70 and 297, Schreiber unequivocally testified that Joyce Xu – an employee of Plaintiff Guangzhou Consortium Display

Product Company, LTD. ("CCC") – was involved in preparing the initial draft of the Capital Contribution Authorization ("CCA"), a document that the Plaintiffs claim is of central importance in this case and the centerpiece of Plaintiffs' breach of contract claim. Despite that, CCI now seeks to completely alter that testimony and totally absolve Xu of any responsibility for drafting the CCA notwithstanding the numerous emails and other documents which demonstrate that Xu came up with the idea for the CCA, produced the initial draft of the CCA and forwarded that draft to Schreiber.[1]

Similarly, CCI wants to add numerous qualifications to Schreiber's testimony on pages 137 through 144 in which he basically admitted that Xu forged the signature of PNC representative Thomas Dodd on one version of the CCA before the document was transmitted to Defendant Standard Chartered Bank ("SCB"). Had Schreiber given those qualifications at his deposition rather than providing them in an errata sheet, PNC's counsel certainly would have examined him further on that testimony. It is prejudicial not to give PNC a chance to do so now.

CCI also seeks to alter Schreiber's characterization of the CCA as a "letter" on page 55 of the deposition to an "agreement." Importantly, the first time Schreiber mentioned the CCA to Dodd in a June 14, 2010 email, he referred to the document as a "letter."[2] Indeed, all of the Plaintiffs, including Schreiber, consistently

---

[1] Importantly, this testimony establishes that the allegations in Plaintiffs' First Amended Complaint as well as representations made by their counsel at the hearing on PNC's motion to dismiss that PNC identified the "currency conversion issue," came up with the CCA as a solution to that issue and drafted the CCA are demonstrably inaccurate.

[2] On June 14, 2010, at 9:33 a.m., Schreiber emailed Dodd and asked him or someone at the bank to sign the CCA – which he referred to as a "letter," not an "agreement" – and attached Xu's draft of the document for Dodd's review. This email begins at the bottom of Deposition Exhibit 3 to CCI's corporate representative's deposition, which is attached

(continued…)

referred to the CCA as either a "letter" or a "note" before this lawsuit was filed.[3] The fact that Schreiber now wants to call the document an "agreement" undoubtedly has more to do with Plaintiffs' counsels' theory in this case rather than what Plaintiffs themselves believed the CCA to be when they drafted it in 2010.

Finally, on page 181 of the deposition, Schreiber unequivocally testified that PNC "did not" participate in CCC's initial meetings with SCB in 2007. On the errata sheet, however, CCI seeks to change Schreiber's "did not" to "not directly." This also goes to a central theory of Plaintiffs' case – that PNC forced CCI and its affiliate CCC to bank with SCB. Schreiber's original deposition testimony confirmed what the documents demonstrate, that PNC was not involved in CCI's decision to bank with SCB. But the changes on the errata sheet suggest that it was. Again, had Schreiber provided that testimony at the deposition, rather than on an errata sheet more than a month after he was deposed, PNC's counsel would have examined him on that qualification of his testimony. Counsel was not, however, given that opportunity.

For the reasons set forth herein as well as in its Memorandum in Support [Doc #: 72], PNC respectfully requests the Court grant its motion to strike the supposed "corrections" CCI has made on its errata sheet. If the Court allows CCI's material changes to become part of the record, PNC requests that it be allowed to reopen CCI's

(…continued)

hereto as Exhibit A. For the Court's convenience, counsel has circled the language in which Schreiber refers to the CCA as a "letter."

[3] Attached hereto as Exhibit B is a compilation of Exhibits 4-5, 8-14, and 16 from CCI's corporate representative's deposition. In each of these Exhibits, Plaintiffs refer to the CCA as a "letter" or a "note." Not once did they refer to it as an "agreement." For the Court's convenience, counsel has circled those references.

corporate representative's deposition and examine Schreiber on the reasons for the changes to his original testimony – just as it would have done during the deposition had it been given the chance – at CCI's expense. "If changes are made, this has the effect of making the examination uncompleted, and the parties ordinarily may then examine the witness further in the light of the new answers." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2118, 603-604 (2010). Indeed, counsel has "the right to inquire, of record and under oath, as to the reasons for any change, and whether such changes originated with the deponent or with the attorney." *Erstad v. Curtis Bay Towing Co.*, 28 F.R.D. 583, 584 (D.C. Md. 1961).

Respectfully submitted,

/s/ Cornelius E. Coryell, II
Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Rania M. Basha
rbasha@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
2500 PNC Plaza
Louisville, Kentucky 40202
502.589.5235

*Counsel for Defendant PNC, National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gregory W. McDowell
GREGORY W. MCDOWELL, P.S.C.
7415 Burlington Pike, Suite B
Florence, KY 41042

*Co-counsel for Guangzhou Consortium Display Product Company, Ltd. and Consortium Companies, Incorporated*

*Attorney for Steven M. Oberst, Lynda S. Oberst, Clinton S. Oberst, and Susan J. Oberst*

Todd J. Flagel
James Papakirk
FLAGEL & PAPAKIRK LLC
50 E Business Way, Suite 410
Cincinnati, OH 45241

*Co-Counsel for Guangzhou Consortium Display Product Company, Ltd. and Consortium Companies, Incorporated*

Matthew Decker
Karl Geercken
Alex Hood
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

P. Blaine Grant
John Shannon Bouchillon
HAYDEN CRAIG & GRANT PLLC
718 West Main Street, Suite 202
Louisville, KY 40202

*Attorneys for Standard Charter Bank (China) Limited*

Kevin R. Feazell
CORS & BASSETT
537 East Pete Rose Way, Suite 400
Cincinnati, OH 45202-3502

*Attorney for Roger C. Schreiber*

/s/ Cornelius E. Coryell, II

60249051.1