UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 11-5-DLB-JGW

**GUANGZHOU CONSORTIUM DISPLAY PRODUCT CO., LTD., et al.   PLAINTIFFS**

**V.**

**PNC BANK, et al.                                                                                DEFENDANTS**

**MEMORANDUM ORDER**

Pending is a motion by defendant PNC, National Association (PNC) to strike an errata sheet filed by plaintiff Consortium Company, Inc. (CCI).  Doc. 72.  For the following reasons, the motion will be granted.

On July 31, 2012 CCI's corporate representative, Roger Schreiber, submitted an errata sheet to the court reporter containing thirty-one changes to his deposition testimony. Fed.R.Civ.P. 30(e) provides that "if there are changes in form or substance [to the transcript of a deposition the deponent may] . . . sign a statement listing the changes and the reasons for making them." PNC contends the errata sheet should be stricken because it "seeks to materially alter significant portions of Schreiber's testimony."  Doc. 72, p. 1.

CCI first argues that the changes on the errata sheet are not material.  CCI alternately argues that if the Court disagrees and concludes that the proposed changes are material the making of material changes is permissible.  The Court disagrees with both of CCI's arguments.

*1. The Changes Are Material*

This action involves loan agreements and letters of credit amongst the parties, including Standard Charter Bank in China.  In his errata sheet, Schreiber seeks to make changes such as changing his answers as to who drafted a capital contribution authorization agreement (CCA)

1

which is central to this case and as to whether an employee of PNC actually signed a document or whether that purported signature was a photocopy. Schreiber also seeks to change his characterization in the deposition of the CCA as a letter to characterizing it as an agreement. In short, an examination of the errata sheet shows that the changes proposed in the errata sheet are not merely clarifications, as CCI argues. Instead, the changes are significant and material.

*2. Sixth Circuit Precedent Forbids Making Material Changes Via Rule 30(e)*

Having found the changes on the errata sheet to be material, the question becomes whether it is permissible to make material changes to a deposition via an errata sheet. There is a divergent opinion among trial courts as to whether Rule 30(e) should be subjected to a "fairly broad interpretation" whereby substantive changes are permitted[1] or whether the rule should be conservatively construed so as to prohibit material changes to deposition testimony.[2] The divergent approach to Rule 30(e) is also prevalent at the appellate court level. *See Equal Employment Opportunity Commission v. Skanska USA Building, Inc.*, 278 F.R.D. 407, 410 (W.D.Tenn. 2012) ("Several Courts of Appeals have offered differing views on whether Rule 30(e) permits a deponent to change deposition testimony where those changes contradict the original answers."). Unsurprisingly, PNC asks the Court to utilize the conservative approach and CCI asks the Court to use the more liberal approach. Though not cited by the parties, Sixth Circuit precedent compels using the conservative approach.

---

[1] *Hodak v. Madison Capital Management, LLC*, 2008 WL 3884315, at *1 (E.D.Ky. Aug. 19, 2008).

[2] *See, e.g., Saffa v. Oklahoma Oncology, Inc.*, 405 F.Supp.2d 1280, 1284 (N.D.Okla. 2005) ("The deposition change proposed by Defendant is a material alteration of the deposition testimony. Plaintiff's motion to strike the deposition errata sheet is **granted**.").

In *Trout v. FirstEnergy Generation Corp.*, 339 Fed.Appx. 560 (2009), the Sixth Circuit held as follows:

> When Trout was deposed, she testified that she first observed the hazard on or around January 20, 2006, while she was speaking with a co-worker and watching other co-workers assemble the vacuum. When FirstEnergy moved for summary judgment, it claimed that Trout's two-week delay in reporting the dangerous condition was unacceptable in light of its policy requiring that all employees immediately report safety hazards.
> Trout, however, "corrected" that segment of her deposition testimony pursuant to Fed.R.Civ.P. 30(e). Rule 30(e) allows a witness to "review the [deposition] transcript" for "changes in form or substance" and "sign a statement listing the changes and the reasons for making them." *Id.* Trout did so, noting that "[y]es, I did see the machine not grounded at that time [but] did not remember the machine was not actually doing any work at the time." Thus, according to Trout, she was not required to report the ungrounded vacuum on January 20, 2006, and her report was not untimely because she notified FirstEnergy of the hazard on February 3, 2006, one day after she witnessed it.
> FirstEnergy responds that Trout is not entitled to benefit from her corrected deposition testimony because her counsel did not rehabilitate her statements during the deposition. **As FirstEnergy points out, "Rule 30(e) does not allow one to alter what was said under oath."** *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, **No. 2:06-cv-581, 2008 WL 343178, at \*4 (S.D.Ohio Feb.7, 2008). "If that were the case, one could merely answer the questions with no thought at all[], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination."** *Id.* (citation omitted).

339 Fed.Appx. at 565 (emphasis added). Application of the Sixth Circuit's narrow interpretation of Rule 30(e) in *Trout* leads to the inescapable conclusion that the motion to strike must be granted.[3]

Accordingly, it is **ORDERED:**

PNC's motion to strike the errata sheet pertaining to Roger Schreiber's deposition

---

[3] Judge Hood's contrary decision in *Hodak*, greatly relied upon by CCI, holding that Rule 30(e) should be "fairly broad[ly]" interpreted, 2008 WL 3884315, at \*1, was rendered prior to the Sixth Circuit's opinion in *Trout*.

[Doc. 72] is **granted**.

This the 1st day of October, 2012.



Signed By:
**_J. Gregory Wehrman_**
United States Magistrate Judge

G:\Larry\Memos & Misc\11-5, guangzhou, grant m strike errata sheet.wpd