# EXHIBIT 1 TO THOMAS DODD AFFIDAVIT

# DECEMBER, 30, 2009 LETTER AGREEMENT- TERM LOAN

## LETTER AGREEMENT - TERM LOAN

December 30, 2009

Roger Schreiber
Consortium Companies Incorporated
1438 Cox Avenue
Erlanger, Kentucky 41018

Re: $1,000,000.00 Term Loan

Dear Roger:

PNC Bank, National Association (the "**Bank**"), has approved a term loan to Consortium Companies Incorporated, a Kentucky corporation (the "**Borrower**"). All the details regarding your term loan are outlined in the following sections of this letter.

1. Facility and Use of Proceeds. This is a term loan in the amount of $1,000,000.00 (the "**Term Loan**" or the "**Loan**"). The proceeds of the Term Loan will be used to repay amounts drawn on a letter of credit that was issued for the Borrower's account.

2. Note. The obligation of the Borrower to repay the Term Loan shall be evidenced by a term note (the "**Note**") in form and content satisfactory to the Bank.

This letter (the "**Letter Agreement**"), the Note and the other agreements and documents executed and/or delivered pursuant hereto, as each may be amended, modified, extended or renewed from time to time, will constitute the "**Loan Documents.**" Capitalized terms not defined herein shall have the meaning ascribed to them in the Loan Documents.

3. Interest Rate. Interest on the Term Loan will be charged at the rates, and be payable on the dates and times, set forth in the Note.

4. Repayment. The principal amount of the Term Loan shall be paid as set forth in the Note. Interest shall be paid in arrears as set forth in the Note.

5. Security. The Borrower has previously caused the following to be executed and delivered to the Bank in form and content satisfactory to the Bank as security for the Loan:

(a) a Guaranty dated August 27, 2008, executed and delivered by Roger Schreiber; a Guaranty dated September 2, 2008, executed and delivered by Clint S. Oberst and Susan Oberst; and

Form 7C – Multistate Rev. 1/02

2452662.3

Consortium Companies Incorporated
December 30, 2009
Page 2

a Guaranty dated September 2, 2008, executed and delivered by Steven M. Oberst and Lynda G. Oberst (individually or collectively, the "**Guarantor**").

(b)  a security agreement granting the Bank a second priority perfected lien on all of the Borrower's existing and future assets, wherever located, as more fully described in the security agreement. If letter of credit rights have been assigned to the Bank, a consent to the assignment must be executed by the issuer of the applicable letter(s) of credit.

If all or any portion of the tangible collateral is located on property which is not owned by the Borrower or which is subject to a mortgage in favor of another lender, the Borrower will deliver to the Bank a Landlord's or Mortgagee's Waiver, as applicable, for each such location, each of which shall be acceptable in form and content to the Bank.

Hazard insurance must be maintained on all inventory, equipment and real property securing the Loan in such amounts and with such coverages as are acceptable to the Bank, containing a standard lender loss payable or mortgagee clause in favor of the Bank.

The Loan will be cross-collateralized and cross-defaulted with all other present and future obligations of the Borrower to the Bank.

6.  <u>Covenants</u>. Unless compliance is waived in writing by the Bank, until payment in full of the Loan:

(a)  The Borrower will promptly submit to the Bank such information as the Bank may reasonably request relating to the Borrower's affairs and/or any security for the Loan.

(b)  The Borrower will not make or permit any change in its form of organization, the nature of its business as carried on as of the date of this Letter Agreement or in its senior management or equity ownership.

(c)  The Borrower will notify the Bank in writing of the occurrence of an Event of Default or an act or condition which, with the passage of time, the giving of notice or both might become an Event of Default.

(d)  The Borrower will comply with the covenants included in Exhibit "A" hereto.

7.  <u>Representations and Warranties</u>. To induce the Bank to extend the Loan, the Borrower represents and warrants as follows:

(a)  The Borrower's latest financial statements provided to the Bank are true, complete and accurate in all material respects and fairly present the financial condition, assets and liabilities, whether accrued, absolute, contingent or otherwise, and the results of the Borrower's operations for the period specified therein. The Borrower's financial statements have been prepared in accordance with generally accepted accounting principles consistently applied from period to period subject, in

**Form 7C – Multistate Rev. 1/02**

2452662.3

PNC007234

Consortium Companies Incorporated
December 30, 2009
Page 3

the case of interim statements, to normal year-end adjustments. Since the date of the latest financial statements provided to the Bank, the Borrower has not suffered any damage, destruction or loss which has materially adversely affected its business, assets, operations, financial condition or results of operations.

(b)     There are no actions, suits, proceedings or governmental investigations pending or, to the knowledge of the Borrower, threatened against the Borrower which could result in a material adverse change in its business, assets, operations, financial condition or results of operations and there is no basis known to the Borrower or its officers, directors or shareholders for any such action, suit, proceedings or investigation.

(c)     The Borrower has filed all returns and reports that are required to be filed by it in connection with any federal, state or local tax, duty or charge levied, assessed or imposed upon the Borrower or its property, including unemployment, social security and similar taxes and all of such taxes have been either paid or adequate reserve or other provision has been made therefor.

(d)     If not a natural person, the Borrower is duly organized, validly existing and in good standing under the laws of the state of its incorporation or organization and has the power and authority to own and operate its assets and to conduct its business as now or proposed to be carried on, and is duly qualified, licensed and in good standing to do business in all jurisdictions where its ownership of property or the nature of its business requires such qualification or licensing.

(e)     The Borrower has full power and authority to enter into the transactions provided for in this Letter Agreement and has been duly authorized to do so by all necessary and appropriate action and when executed and delivered by the Borrower, this Letter Agreement and the other Loan Documents will constitute the legal, valid and binding obligations of the Borrower, enforceable against the Borrower in accordance with their terms.

(f)     There does not exist any default or violation by the Borrower of or under any of the terms, conditions or obligations of: (i) its organizational documents; (ii) any indenture, mortgage, deed of trust, franchise, permit, contract, agreement, or other instrument to which it is a party or by which it is bound; or (iii) any law, regulation, ruling, order, injunction, decree, condition or other requirement applicable to or imposed upon the Borrower by any law or by any governmental authority, court or agency.

8.     Fee. On the date of the Note, the Borrower shall pay to the Bank a fee of $5,000.00.

9.     Expenses. The Borrower will reimburse the Bank for the Bank's out-of-pocket expenses incurred or to be incurred at any time in conducting UCC, title and other public record searches, and in filing and recording documents in the public records to perfect the Bank's liens and security interests. The Borrower shall also reimburse the Bank for the Bank's expenses (including the reasonable fees and expenses of the Bank's outside and in-house counsel) in documenting and closing this transaction, in connection with any amendments, modifications or renewals of the Loan,

Consortium Companies Incorporated
December 30, 2009
Page 4

and in connection with the collection of all of the Borrower's obligations to the Bank, including but not limited to enforcement actions relating to the Loan.

10. <u>Release</u>. The Borrower, each Guarantor and their respective heirs, legal representatives, successors and assigns, hereby: (a) expressly waive, release and relinquish any and all defenses, affirmative defenses, setoffs, claims, counterclaims and causes of action of any kind or nature whatsoever which the Borrower or any Guarantor has asserted, or might assert, against the Bank with respect to the Loan, the Loan Documents or the indebtedness evidenced and secured thereby, or with respect to any other documents or instruments now or heretofore evidencing, securing or in any way relating to the Loan, or with respect to the collateral provided therefor, or with respect to any other matter, cause or thing; (b) expressly remise, release, acquit, satisfy and forever discharge the Bank from any and all manner of debts, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, expenses, damages, judgments, executions, actions, claims, demands and causes of action of any nature whatsoever, whether at law or in equity, either now accrued or hereafter maturing, which the Borrower or any Guarantor now has or hereafter can, shall or may have by reason of any matter, cause or thing, from the beginning of the world to and including the date hereof, including specifically, but without limitation, matters arising out of or relating to: (i) the Loan, including but not limited to, the administration or funding thereof; (ii) the Loan Documents, including but not limited to any guaranty, or the indebtedness evidenced and secured thereby; (iii) the exercise or attempted exercise by the Bank of any of its rights and remedies against the Borrower, any Guarantor or the collateral; (iv) the collateral; and (v) any other agreement or transaction between the Borrower or any Guarantor and the Bank; and (c) expressly covenant and agree never to institute or cause to be instituted or continue prosecution of any suit or other form of action or proceeding of any kind or nature whatsoever against the Bank by reason of or in connection with any of the foregoing matters, claims or causes of action.

11. <u>Additional Provisions</u>. Before the first advance under the Loan, the Borrower shall execute and deliver to the Bank the Note and the other required Loan Documents and such other instruments and documents as the Bank may reasonably request, such as certified resolutions, incumbency certificates or other evidence of authority.

Prior to execution of the final Loan Documents, the Bank may terminate this Letter Agreement if a material adverse change occurs with respect to the Borrower, the Guarantor, any collateral for the Loan or any other person or entity connected in any way with the Loan, or if the Borrower fails to comply with any of the terms and conditions of this Letter Agreement, or if the Bank reasonably determines that any of the conditions cannot be met.

This Letter Agreement is governed by the laws of the Commonwealth of Kentucky. No modification, amendment or waiver of any of the terms of this Letter Agreement, nor any consent to any departure by the Borrower therefrom, will be effective unless made in a writing signed by the party to be charged, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. When accepted, this Letter Agreement and the other Loan Documents will constitute the entire agreement between the Bank and the Borrower concerning the

Form 7C – Multistate Rev. 1/02

2452662.3

PNC007236

Consortium Companies Incorporated
December 30, 2009
Page 5

Loan, and shall replace all prior understandings, statements, negotiations and written materials relating to the Loan.

The Bank will not be responsible for any damages, consequential, incidental, special, punitive or otherwise, that may be incurred or alleged by any person or entity, including the Borrower and the Guarantor, as a result of this Letter Agreement, the other Loan Documents, the transactions contemplated hereby or thereby, or the use of the proceeds of the Loan.

THE BORROWER AND THE BANK IRREVOCABLY WAIVE ANY AND ALL RIGHTS THEY MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE ARISING OUT OF THIS LETTER AGREEMENT, THE OTHER LOAN DOCUMENTS AND THE TRANSACTIONS CONTEMPLATED IN ANY OF SUCH DOCUMENTS AND ACKNOWLEDGE THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.

If and when a loan closing occurs, this Letter Agreement (as the same may be amended from time to time) shall survive the closing and will serve as our loan agreement throughout the term of the Loan.

To accept these terms, please sign the enclosed copy of this Letter Agreement as set forth below and the Loan Documents and return them to the Bank within 10 days from the date of this Letter Agreement, or this Letter Agreement may be terminated at the Bank's option without liability or further obligation of the Bank.

Very truly yours,

PNC BANK, NATIONAL ASSOCIATION

By: _____
Title: V.P.

Form 7C – Multistate Rev. 1/02

2452662.3

PNC007237

Consortium Companies Incorporated
December 30, 2009
Page 6

## ACCEPTANCE

With the intent to be legally bound hereby, the above terms and conditions are hereby agreed to and accepted as of this __30th__ day of December, 2009.

        BORROWER:

        CONSORTIUM COMPANIES
        INCORPORATED

        By: _Roger Schreiber_ (SEAL)
        Print Name: _ROGER SCHREIBER_
        Title: _CFO_

        GUARANTORS:

_Roger Schreiber_
Roger Schreiber    (SEAL)

_Clint S. Oberst_
Clint S. Oberst    (SEAL)

_Susan Oberst_
Susan Oberst    (SEAL)

_Steven M. Oberst_
Steven M. Oberst    (SEAL)

_Lynda G. Oberst_
Lynda G. Oberst    (SEAL)

Form 7C – Multistate  Rev. 1/02

2452662.3

Consortium Companies Incorporated
December 30, 2009
Page 7

## EXHIBIT A
## TO LETTER AGREEMENT
## DATED DECEMBER 30, 2009

### A. NEGATIVE COVENANTS:

(1) The Borrower will not create, assume, incur or suffer to exist any mortgage, pledge, encumbrance, security interest, lien or charge of any kind upon any of its property, now owned or hereafter acquired, or acquire or agree to acquire any kind of property under conditional sales or other title retention agreements; provided, however, that the foregoing restrictions shall not prevent the Borrower from:

(a) incurring liens for taxes, assessments or governmental charges or levies which shall not at the time be due and payable or can thereafter be paid without penalty or are being contested in good faith by appropriate proceedings diligently conducted and with respect to which it has created adequate reserves;

(b) making pledges or deposits to secure obligations under workers' compensation laws or similar legislation;

(c) granting liens or security interests in favor of ~~Fordham~~ Bibby Financial Services, Inc. in connection with the refinancing of the $8,000,000 Commercial Note: Revolving Credit dated July 17, 2007 executed by the Borrower and made payable to the Bank; or

(d) granting liens or security interests in favor of the Bank.

(2) The Borrower will not create, incur, guarantee, endorse (except endorsements in the course of collection), assume or suffer to exist any indebtedness, except:

(a) indebtedness to the Bank;

(b) open account trade debt incurred in the ordinary course of business and not past due; or

(c) indebtedness in respect of which liens are permitted under subparagraph (1)(c) above, and any refinancings thereof; provided that the amount of the refinancing indebtedness is not more than the outstanding amount of the refinanced indebtedness, and the terms of the refinancing indebtedness are no more favorable to the lender than the terms of the refinanced indebtedness.

(3) The Borrower will not liquidate, or dissolve, or merge or consolidate with any person, firm, corporation or other entity, or sell, lease, transfer or otherwise dispose of all or any substantial part of its property or assets, whether now owned or hereafter acquired.

Form 7C – Multistate Rev. 1/02

2452662.3

PNC007239

Case: 2:11-cv-00005-DLB-JGW  Doc #: 134-2  Filed: 03/27/13  Page: 9 of 9 - Page ID#: 5479

Consortium Companies Incorporated
December 20, 2009
Page 8

    (4) The Borrower will not make acquisitions of all or substantially all of the property or assets of any person, firm, corporation or other entity.

    (5) The Borrower will not declare or pay any dividends on or make any distribution with respect to any class of its equity, or purchase, redeem, retire or otherwise acquire any of its equity, provided, however, that so long as the Borrower remains an S corporation, a partnership or a limited liability company, it may make distributions to its shareholders, partners or members, as the case may be, in an amount equal to the federal and state income tax of such principals of the Borrower attributable to the earnings of the Borrower.

    (6) The Borrower will not make or have outstanding any loans or advances to or otherwise extend credit to any person, firm, corporation or other entity, except in the ordinary course of business.

Form 7C – Multistate Rev. 1/02

2452662.3

PNC007240