Get a Document - by Citation - 2011 Ky. App. Unpub. LEXIS 820

Case 2:11-cv-00005-DLB-JGW Doc #: 140-2 Filed: 04/15/13 Page: 1 of 2 - Page ID#: 5551

1 of 2

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | Shepard's® | More | | History | Alerts |

FOCUS™ Terms   Advanced... Get a Document   View Tutorial

Service: Get by LEXSEE®
Citation: 2011 ky app unpub lexis 820

*2011 Ky. App. Unpub. LEXIS 820, ** 

BRUNSWICK BOWLING & BILLIARDS, APPELLANT v. MARGARET L. NG-CADLAON, APPELLEE

NO. 2010-CA-001844-MR

COURT OF APPEALS OF KENTUCKY

2011 Ky. App. Unpub. LEXIS 820

November 4, 2011, Rendered

**NOTICE:** THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

**PRIOR HISTORY:** [*1]
APPEAL FROM BOYD CIRCUIT COURT. HONORABLE C. DAVID HAGERMAN, JUDGE. ACTION NO. 03-CI-00827.

**CORE TERMS:** guaranty, guarantor, guaranteed, summary judgment, enforceable, matter of law, personal guaranty, conditional sales, mortgages notes, time payment, extrinsic evidence, correctly, aggregate, terminates, deferred, bowling, conform, maximum, chattel, induce, leases, shareholder

**COUNSEL:** BRIEFS FOR APPELLANT: Don A. Pisacano, Lexington, Kentucky.

BRIEF FOR APPELLEE: Michael A. Frye, Russell, Kentucky.

**JUDGES:** BEFORE: CLAYTON, KELLER, AND MOORE, JUDGES. All concur.

**OPINION BY:** CLAYTON

**OPINION**

AFFIRMING

CLAYTON, JUDGE: Brunswick Bowling & Billiards appeals from a summary judgment granted by the Boyd Circuit Court to Margaret L. Ng-Cadlaon. At issue is whether the circuit court correctly determined as a matter of law that Ng-Cadlaon was not liable to Brunswick under a personal guaranty because it did not conform to the requirements of Kentucky Revised Statutes (KRS) 371.065. We affirm.

Ng-Cadlaon was a shareholder and officer of R&S Enterprises. After acquiring a bowling alley called "Blue Ribbons Lane," R&S decided to buy some new equipment for the business from Brunswick. To finance the purchase, R&S executed a note to Brunswick's assignee, Deutsche Financial Services Corporation. As security for the note, Ng-Cadlaon and the other shareholders of R&S executed a separate personal guaranty of R&S's debt. The guaranty document was prepared by Deutsche Financial Services.

R&S subsequently defaulted on the note. Brunswick [*2] filed a complaint against R&S and the individual guarantors, including Ng-Cadlaon. Ng-Cadlaon moved for summary judgment, arguing that the guaranty she had signed was unenforceable under KRS 371.065. The court granted her motion, and this appeal by Brunswick followed.

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781, 43 1 Ky. L. Summary 17 (Ky. App. 1996); Kentucky Rules of Civil Procedure (CR) 56.03. "The interpretation of a contract or statute is a question of law for the courts and is subject to *de novo* review." *Smith v. Bethlehem Sand & Gravel Co., LLC*, 342 S.W.3d 288, 291 (Ky. App. 2011).

In order for a guaranty to be valid and enforceable, it must conform to the requirements of KRS 371.065(1), which provides that

> [n]o guaranty of an indebtedness which either is not written on, or does not expressly refer to, the instrument or instruments being guaranteed shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the [*3] maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates.

The guaranty signed by Ng-Cadlaon states in pertinent part as follows (the disputed passage is highlighted):

> To induce you [Deutsche] to enter into one or more security agreements, **including but not limited to conditional sales**



EXHIBIT B

agreements, leases, chattel and/or real estate mortgages, notes or other deferred or time payment paper, and any and all agreements relating to the purchase of such paper or documents (all of the foregoing hereinafter called "**Security Obligations**") with the above-captioned (herein called "the Subject") [R&S Enterprises, Inc. d/b/a Blue Ribbon Lanes], and/or to induce you to purchase and/or accept one or more assignments from any party or parties of one or more Security Obligations having Subject as obligor thereon, and/or in considerations of your having heretofore done any or all of the foregoing, we, the undersigned (and each of us if more than one) agree to be . . . jointly, severally and directly liable to you for the due performance of all such Security Obligations both present and future, and any and all subsequent renewals, continuations, modifications, **[*4]** supplements and amendments thereof, and for the payment of any and all debts of Subject of whatever nature, whether matured or unmatured, whether absolute or contingent and whether now hereafter existing or arising or contracted or incurred or owing to or acquired by you by assignment, transfer, or otherwise.

The parties agree that because the guaranty in this case is not written on the instrument or instruments being guaranteed, and does not specifically state the maximum aggregate liability of the guarantor and the date upon which the guaranty terminates, it must expressly refer to the instrument or instruments being guaranteed in order to be enforceable. The question is whether the language "including but not limited to conditional sales agreements, leases, chattel and/or real estate mortgages, notes or other deferred or time payment paper, and any and all agreements relating to the purchase of such paper or documents (all of the foregoing hereinafter called 'Security Obligations')," constitutes an express reference to the note at issue.

Brunswick argues that the statute does not prescribe any specific type of description, and that the inclusion of "notes" as one of the instruments **[*5]** that comprise the "Security Obligations" is sufficient to fulfill the public policy aims of KRS 371.065(1), which has been described as "a consumer-protection provision designed to protect the guarantor by reducing the risk of a guarantor agreeing to guarantee an unknown obligation." *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 615 (Ky. 2004). Brunswick argues that the guaranty signed by Ng-Cadlaon leaves no doubt as to the obligation that she agreed to secure.

Ng-Cadlaon contends that the guaranty contains only a generalized laundry list of potential present and future obligations of varying types and is precisely the type of overreaching that KRS 371.065 was enacted to prevent. We agree. The guaranty signed by Ng-Cadlaon does not expressly refer to the instrument being guaranteed but rather binds her to a broad range of potential present and future obligations. The fact that the note at issue falls within one of the categories of obligations listed in the guaranty is insufficient in itself to constitute an express reference. Brunswick's reliance on *Alliant Tax Credit Fund 31-A, Ltd. v. Nicholasville Community Housing, LLC*, 663 F. Supp. 2d 575 (E.D. Ky. 2009), is **[*6]** misplaced. Although the court in that case rejected the argument that the statutory phrase "expressly refer to" requires that the obligation be apparent without reference to any other documents, the guaranty at issue "was included as an exhibit within the 158—page Limited Partnership Agreement[.]" *Alliant Tax*, 663 F. Supp. 2d at 582. Additionally, the guaranty specifically identified the guaranteed obligations, "with references to the particular sections of the Agreement for each." *Id.* at 583. By contrast, the guaranty signed by Ng-Cadlaon was not attached to the note, did not expressly refer to that specific note, nor did it make references to any particular sections of the note.

Brunswick contends that Ng-Cadlaon knew very well what she was signing and that she cannot pretend that she did not know the nature or extent of her liability under the guaranty. But if the guaranty is indeed unambiguous, we may not consider extrinsic evidence such as what Ng-Cadlaon knew or intended when she signed the guaranty. "Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) **[*7]** (citations omitted). Moreover, Brunswick and Deutsche were free to draft the guaranty with sufficient specificity to comply with the requirements of KRS 371.065(1).

The summary judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.

    Service: **Get by LEXSEE®**
   Citation: **2011 ky app unpub lexis 820**
     View: Full
Date/Time: Monday, April 15, 2013 - 3:01 PM EDT

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2013 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.