UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | |
|---|---|
| GUANGZHOU CONSORTIUM PRODUCT COMPANY, ET AL. | ) ) ) |
| PLAINTIFFS | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-00005-DLB ) |
| PNC BANK, NATIONAL ASSOCIATION, ET AL. | ) ) ) ) |
| DEFENDANTS | ) |

**CO-PLAINTIFFS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**i.
Introduction and Summary**

Pending before this Court, among other Motions, is Co-Plaintiffs' (Steven M. Oberst, Lynda Oberst, Clinton S. Oberst and Susan J. Oberst) Motion for Summary Judgment to dismiss PNC Bank's (hereinafter "PNC") claims against them. Specifically, the Obersts have moved this Court to hold that the two (2) separate Guaranty Agreements are unenforceable as a matter of law. Co-Plaintiff, Roger C. Schreiber, has filed a similar Motion seeking this same relief. PNC has filed its Memorandum in opposition raising three (3) defenses, all of which are unsupported by either the facts of this case or the settled law of this Commonwealth. Accordingly, the Obersts ask that this Court to grant their Motion for Summary Judgment as a matter of law.

iii.
## Argument

**1.    PNC improperly relies upon extrinsic evidence to support its claim that the Guaranty Agreements enforceable.**

In its Response, PNC argued that the Obersts' Motion for Summary Judgment should be dismissed as PNC was not required to comply with the K.R.S. §371.065. Throughout its Response, PNC alleged that the guarantors (i.e. the Obersts and Schreiber) are sophisticated parties with extensive experience in lending transactions. PNC argued that the Obersts (and Schreiber) knew what they were signing and they are now estopped from demanding compliance with K.R.S. §371.065. PNC's argument should be rejected as a matter of law.

This very same argument was rejected by the Kentucky Court of Appeals in the case of *Brunswick Bowling Billiards v. Ng-Cadlaon, Ky.App., 2011 WL 5244971*. In *Brunswick*, the Court of Appeals held, as a matter of law, that the creditor failed to comply with K.R.S. §371.065 in it guaranty agreement. In response to this holding, the creditor argued that the guarantor "knew very well what she was signing and that she cannot pretend that she did not know the nature or extent of her liability under the guaranty" – just as PNC has argued here.

In *Brunswick*, this argument was specifically rejected. There, the Court of Appeals held that the guaranty was unambiguous and therefore, the creditor could not offer extrinsic evidence to show the sophistication of the guarantor, including an alleged knowledge of what the guarantor knew or intended when she signed the guaranty.

This same rule of law applies four-square here. The Guaranty Agreements that PNC seeks to enforce unambiguously fail to comply with K.R.S. §371.065. PNC cannot

now attempt to reform this non-complying language by alleging unsupported facts as to the sophistication of the Obersts or an equally unsupported assertion of what they knew and didn't know. As a matter of fact, PNC solely relied upon the deposition transcript of Schreiber in its Response. Not once did PNC cite to testimony of Steve Oberst. And, PNC failed to take the depositions of Lynda Oberst, Clint Oberst or Susan Oberst; hence, it cannot possible offer evidence of their sophistication or what they knew or intended upon their execution of the Guaranty Agreements that PNC prepared. There are no facts in this Court's record for PNC to persuasively argue a waiver on the part of the Obersts as they knew what they were signing and cannot now be heard to complain.

In sum, PNC fails to satisfy its burden. Further, PNC's attempt to validate the Guaranty through the use of extrinsic evidence is improper as a matter of law. Accordingly, the Obersts respectfully request that their Motion for a Summary Judgment be sustained as a matter of law.

**2. The Guaranty Agreements fail to reference the instrument each purportedly guaranteed and thus are unenforceable under K.R.S. §371.065.**

PNC next argued that because the Guaranty Agreements "effectively reference the instruments guaranteed within the meaning of the statute and those agreements are valid and enforceable" pursuant to K.R.S. §371.065. (Opposing Brief at 13). This argument is without merit.

To be clear, there can be no reasonable debate that the Guaranty Agreements executed by the Obersts (and also by Schreiber) "expressly referenced the instrument being guaranteed". Likewise, there can be no reasonable debate here that PNC was

required to make such a reference to create a valid and enforceable Guaranty Agreement in this case. The law on this issue is, perhaps, the only clear point of this entire case.

Despite the clarity in the law and the requirements imposed by K.R.S. §371.065, PNC argued in its Response that the Obersts guaranteed the Term Note and the RSA. However, neither document is mentioned in the Guaranty Agreements. Instead, the Guaranty Agreements each broadly guarantees the payment of "each and every obligation" of Consortium Companies, Inc. (hereinafter "CCI") to PNC, including obligations "now existing or hereafter created" and including (but not limited to) "any documents or instruments executed with or given to evidence the Guaranteed Debt". (*See* the Guaranty at ¶1). In other words, each Guaranty Agreement has no end – it covered any debt of CCI, whether it was a then present debt or future obligation created at some later date. As a matter of law, this language does not constitute an "express reference" as required by K.R.S. §371.065. *See Brunswick, supra.*

In its Response, PNC argued that it nevertheless satisfied the requirements of K.R.S. §371.065 by referencing the Term Note and the RSA in the Letter Agreement and the PPRA. Problematic with this argument is the basic fact that neither the Letter Agreement nor the PPRA existed at the time the Obersts executed the Guaranty Agreement. Indeed, both the Letter Agreement and the PPRA were created by PNC approximately a year after the Guaranty Agreements were signed. Further problematic with PNC's argument is that neither the Letter Agreement nor the PPRA form a part of the Guaranty Agreement. Indeed, there was no express reference to either document in the Guaranty Agreement. Of course, this should not be surprising as – again – neither document existed when the Obersts executed the respective Guaranty Agreements.

PNC next argued that Kentucky case law allows a creditor to satisfy the "refer to requirement" of K.R.S. §371.065 by use of other documents as part of the credit facility. In so doing, PNC has misrepresented the holdings of the cases it cited in its Response. For instance, PNC first cited *Smith v. Bethlehem Sand & Gravel Co., LLC, 342 S.W.3d 288 (Ky. App. 2011)*. However, *Smith* actually supports Obersts argument. In *Smith*, the guaranty agreement at issue **expressly referred** to a $500,000.00 promissory note in the Schedule 1 which was attached to the guaranty agreement. Here, there was no such reference, nor was there a schedule attached to the Guaranty Agreements executed by the Oberst. Instead, PNC used generalized language in the Guaranty Agreements which read that the Obersts "unconditionally guarantees to Bank [PNC] the prompt payment of each and every obligation of Borrower [Consortium] to Bank when due, whether direct, indirect or contingent, now existing or hereafter created, arising or acquired, and howsoever evidenced or secured…" As a matter of law, this language does not satisfy the "express reference to the instrument" requirement of K.R.S. §371.065(1).

PNC also cited *Banterra Bank v. Hendrick, 2011 WL 832455 (W.D.Ky. 2011)* to support its argument that it complied with the "reference requirement" of K.R.S. §371.065. Again, PNC's reliance is misplaced and, as with the *Smith* decision, *Banterra* supports Obersts' arguments herein.

First, the guaranty agreement in *Banterra* expressly referred to "the borrower's obligations under the Note and Related Documents". Here, there was no such express reference. As a matter of fact, there was no reference at all other than the catch all phrase that has specifically been rejected by other Courts. *Brunswick, supra.; See also BP*

*Products North America, Inc. v. McGuirk Oil Co., Inc.,* 2011 WL 2149627 (W.D.Ky. 2011).

Second, the guaranty agreement in *Banterra* defined the term "note" as the "promissory note from Borrower and Lender, bearing **the same dates as this mortgage** in the original amount equal to the maximum lien amount of this mortgage, together with all renewals or replacements of, modifications of, refinancing of, consolidations of, and substitutions for the promissory note or agreement."  Here, there is no such definition in the Guaranty Agreements executed by the Obersts.

Finally, in *Banterra*, the guaranty, promissory note, and mortgage were each dated the same date – October 30, 2006.  And, there was mention of these same dates in the definition portion of the "note".  The Court held that under these specific facts, and "while perhaps not as exact as this Court might like, the Guaranty satisfies the requirements of KRS 371.065."  Here, none of the documents were dated the same date. Certain documents were dated prior to the date of the respective Guaranty Agreements. Others were dated more than a year later.   In sum, these crucial variations of facts – expressly referring to the debt being guaranteed by the guarantor – clearly distinguish *Banterra* from the facts of this case.  To find any similarity would be to torture the holdings in *Smith* and *Banterra* and the requirements of K.R.S. §371.065.

In sum, PNC's use of a "catch all" phrase to validate the Guaranty Agreements must fail as a matter of law.  Accordingly, the Obersts respectfully request that their Motion for as Summary Judgment be sustained as a matter of law.

      3.      **The Obersts did not waive the requirements of K.R.S. §371.065.**

PNC's third argument is that the Obersts waive all defects in the Guaranty Agreements, including all defenses "in law or equity". PNC failed to cite a single case to support this wavier argument.

It is well-settled law in this Commonwealth that a party cannot waive a right created by statute. *Said v. Lackey, 731 S.W.2d 7 (Ky.App. 1987)*. In *Said*, the issue of a known statutory right versus a waiver in a written agreement involving the parties was before the Kentucky Court of Appeals. Specifically, under Kentucky law a deputy jailer enjoyed specific, enumerated statutory protections prior to his termination. However, in his employment agreement, the deputy jailer waived all of these statutory requirements. Upon his termination, the deputy jailer filed suit to enforce these statutory requirements which would have proceeded any such termination. The trial court held that the deputy could not rely upon the requirements and defenses provided under Kentucky law as he had waived them in his underlying employment agreement. The Court of Appeals disagreed. Specifically, it held "[w]e would be reluctant to hold that the agreement relied upon by appellees and the trial court could effectuate a knowing and voluntary waiver of appellant's statutory rights even with language more explicit than that which it contained. As the contract violates statutory law it will not be enforced." *Id. at 9.*

Moreover, as argued by Schreiber in his Reply Memorandum, there was no "voluntary and intentional surrender" of a "known right". Nor has PNC proven that the Obersts had a specific "[k]nowledge of the existence of the right on the part of the party claimed to have made the waiver", a fact that is "an essential prerequisite to its relinquishment. No one can be said to have waived that which he does not know, or

where he has acted under a misapprehension of facts". *Harris Bros. Constr. v. Crider, Ky., 487 S.W.2d 731, 733 (1973).* As a matter of fact, PNC has not even deposed Lynda, Clint or Susan Oberst on these facts. As argued by Schreiber, PNC has presented absolutely no evidence proving that the Obersts were aware of the defenses in law created by K.R.S. §371.065. Furthermore, this Court should not presume facts to support a "voluntary and intentional surrender of a known right" where PNC has not properly inquired of these facts in discovery to prove its claim of an "alleged waiver".

**4.     These Plaintiffs adopt the same arguments raised by Co-Plaintiff Roger Schreiber in his Reply Memorandum in further support of Schreiber's Motion for Summary Judgment.**

Contemporaneous with the filing of this Reply Memorandum in further support of the Obersts' Motion for Summary Judgment, Co-Plaintiff, Roger Schreiber, has also filed a Reply Memorandum. These Co-Plaintiffs adopt herein each and every argument raised in Schreiber's Reply Memorandum as if fully stated herein.

### iii.
### Conclusion

As stated herein and in the Memoranda filed in the Court's record, the Guaranty Agreement executed by Steven M. Oberst and Lynda Oberst and the Guaranty Agreement executed by Clinton S. Oberst and Susan Oberst each fail to satisfy Kentucky's statutory requirements for a valid, enforceable guaranty. Consequently, Steven M. Oberst, Lynda Oberst, Clinton S. Oberst and Susan Oberst are entitled to a summary judgment (i) holding that the Guaranty agreements are unenforceable as a matter of law, (ii) dismissing, with prejudice, Defendant PNC's Counterclaim Steven M. Oberst and Lynda Oberst based upon said Guaranty agreement and (iii) dismissing, with prejudice,

Defendant PNC's Counterclaim Clinton S. Oberst and Susan Oberst based upon said Guaranty agreement.  There are no issues of fact as to Defendant PNC's Counterclaims and this result is required by Kentucky law.

> GREGORY W. McDOWELL, P.S.C.
> ATTORNEY FOR CO-PLAINTIFFS
> Steven M. Oberst, Lynda Oberst, Clinton S. Oberst and Susan J. Oberst
> 7405 BURLINGTON PIKE, SUITE 201
> FLORENCE, KENTUCKY 41042
> (859) 371-7774
>
> By: /s/ Gregory W. McDowell
> GREGORY W. McDOWELL
> KBA# 83227

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk using the CM/ECF system on this the 15th day of April, 2013 and served upon the following:

Todd J. Flagel, Esq. tflagel@fp-legal.com
Byron E. Leet, Esq.  bleet@wyattfirm.com
Christopher Tyson Gorman, Esq.  tgorman@wyattfirm.com
Cornelius E. Coryell, II, Esq.  ccoryell@wyattfirm.com
Rania Marie Basha, Esq. rbasha@wyattfirm.com
Kevin Ray Feazell, Esq. krf@corsbassett.com
John Shannon Bouchillon, Esq. Shannon@haydencraiggrant.com
P. Blaine Grant, Esq. blaine@haydencraiggrant.com
Matthew Decker, Esq. matt.decker@alston.com
Alex Hood, Esq. alex.hood@alston.com
Karl Geerken, Esq. karl.geerken@alston.com

> /s/ Gregory W. McDowell
> GREGORY W. McDOWELL